**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACQUELINE M. MORRIS and<br>TIMOTHY MORRIS, w/h<br>622 Montgomery Woods Drive<br>Hockessin, Delaware 19707<br><br>v.<br><br>WALGREEN, CO. d/b/a, t/a<br>WALGREENS PHARMACY<br>190 Wilmington West Chester Pike<br>Chadds Ford, Pennsylvania 19317 | CIVIL ACTION NO.<br><br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION - COMPLAINT

### THE PARTIES

1. Plaintiffs, Jacqueline M. Morris and Timothy Morris, w/h, are adult individuals and citizens and residents of the State of Delaware and reside together at 622 Montgomery Woods Drive, Hockessin, Delaware 19707.

2. Defendant, Walgreen, Co. d/b/a, t/a Walgreens Pharmacy, is a corporation or other business entity created and existing under the laws of the State of Illinois, maintaining its principal place of business at 200 Wilmot Rd., MS #2002, Deerfield, IL 60015, with a location for service of process at 190 Wilmington West Chester Pike, Chadds Ford, Pennsylvania 19317.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

### VENUE

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: – it is where a substantial part of the events or

omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff avers and incorporates by reference all of the allegations of Paragraphs 1 through 4, inclusive, and set forth the same as though said paragraphs were herein provided in full.

6. On or about February 6, 2021, Plaintiff, Jacqueline M. Morris, was a pedestrian lawfully walking on Defendant's premises, more particularly, the parking lot of 190 Wilmington West Chester Pike, Chadds Ford, Pennsylvania, when, suddenly and without warning, she was caused to slip, trip, stumble and fall to the ground as the result of a dangerous and defective condition, that being snow covered ice, causing the Plaintiff, Jacqueline M. Morris, to sustain severe and grievous injuries hereinafter more fully set forth.

7. At all times relevant and material to this Civil Action, Defendant, Walgreens, owned, controlled, operated, and/or maintained the premises located at 190 Wilmington West Chester Pike, Chadds Ford, Pennsylvania, including, but not limited to, the parking lot, sidewalks, walkways and entrances adjacent to and a part thereof of the aforesaid premises.

8. At all times material hereto, Defendant herein acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendant herein in furtherance of their business and on their behalf.

9. The aforesaid incident was due to the negligence and carelessness of the Defendant, Walgreens, and, was due, in no way whatsoever, to any act or failure to act on the part of Plaintiff, Jacqueline M. Morris.

10. The negligence and carelessness of the Defendant, Walgreens, consisted of the following:

a) allowing and causing a dangerous and defective condition to exist on the aforesaid premises, which Defendant herein knew or should have known by the exercise of reasonable care;

b) failing to correct said dangerous and defective conditions of which Defendant knew or should have known and which constituted a danger to pedestrians lawfully thereon;

c) failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by pedestrians, especially Plaintiff herein;

d) failing to give warning or notice of the existence of the dangerous and defective condition of the said premises to invitees;

e) failing to provide and maintain a safe and proper route of travel for Plaintiff and other persons lawfully upon the premises;

f) disregarding the rights and safety of Plaintiff;

g) failing to inspect said premises at reasonable intervals in order to determine the condition thereof;

h) failing to exercise due care under the circumstances;

i) failure to repair, fix or cure the aforesaid dangerous condition;

j) violating the applicable ordinances, statutes, codes and/or building codes of Chadds Ford Township, Delaware County, and/or Commonwealth of Pennsylvania;

k) negligence at law; and,

l) Such other acts or failures to act as shall be revealed through the course of discovery.

## COUNT I
## JACQUELINE M. MORRIS v. WALGREENS

11. Plaintiff avers and incorporates by reference all of the allegations of Paragraphs 1 through 10, inclusive, and set forth the same as though said paragraphs were herein provided in full.

12. As a result of the negligence and carelessness of Defendant herein, Plaintiff, Jacqueline M. Morris, was caused to sustain injuries to her bones, joints, muscles, tendons, blood vessels and soft tissues throughout her entire body, including, but not limited to proximal fibula head fracture, spontaneous disruption of anterior cruciate ligament of left knee, effusion of left knee, pain and injuries to her left knee, contusions and abrasions, a severe shock to her nerves and nervous system; all of which said injuries have in the past and will in the future cause Plaintiff, Jacqueline M. Morris, great pain and suffering, a serious impairment of her bodily functions and all of which are or may be permanent in nature.

13. As a further result of this accident, Plaintiff, Jacqueline M. Morris, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses described in 42 C.S.A. Section 8553(c)(3) for the injuries suffered, the cost or reasonable value of which is in excess of $1,500.00 and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future, all to her great detriment and loss, which currently equal or exceed **$2,087.42** and may continue to increase.

14. As a further result of this accident, Plaintiff, Jacqueline M. Morris, has suffered medically determinable physical and/or mental impairment which prevents her from performing

all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

15. As a direct and proximate result of the aforesaid accident, Plaintiff, Jacqueline M. Morris, has been and will in the future be obliged to expend large and various sums of money for medical treatment in an attempt to treat and cure herself of the aforesaid injuries.

16. As a direct and reasonable result of the accident aforementioned, Plaintiff, Jacqueline M. Morris, has or may hereafter incur other financial expenses which do or may exceed amounts which she may otherwise be entitled to recover.

17. As a further result of the accident aforementioned, Plaintiff, Jacqueline M. Morris, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Jacqueline M. Morris, demands judgment against Defendant, Walgreens, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and reasonable attorney's fees.

## COUNT II
## TIMOTHY MORRIS v. WALGREEENS

18. Plaintiff avers and incorporates by reference all of the allegations of Paragraphs 1 through 17, inclusive, and set forth the same as though said paragraphs were herein provided in full.

19. Solely as a result of the aforesaid negligence and carelessness of the Defendant, Walgreens, Plaintiff, Timothy Morris, as spouse of Plaintiff, Jacqueline M. Morris, has been deprived of the society, companionship, aid, assistance, earnings and earning power and consortium of said spouse, all of which has, and may in the future continue to cause great emotional and financial loss and damage.

**WHEREFORE**, Plaintiff, Timothy Morris, demands judgment against Defendant, Walgreens, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and reasonable attorney's fees.

### JURY DEMAND

Plaintiffs herein demand a jury trial.

**TABAKINWOLFE, LLP**

BY: _____
BRAD S. TABAKIN, ESQUIRE
Attorney I.D. No. 65649
brad@twlegal.net

BY: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. No. 78944
rich@twlegal.net

1000 Germantown Pike, B-3
Plymouth Meeting, PA  19462
(215) 525-1616 – phone
(215) 525-5858 – facsimile

*Attorneys for Plaintiffs,*
*Jacqueline M. Morris and*
*Timothy Morris, w/h*